UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| Sebahattin GUL, | Case No.: 25-cv-3690-AGS-DDL |
|---|---|
| Petitioner, | **ORDER REQUIRING RESPONSE** |
| v. | |
| Christopher LaROSE, et al., | |
| Respondents. | |

Petitioner Sebahattin Gul seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Gul "grew up in Turkey" as "a member of a religious minority." (ECF 1, at 2.) On March 1, 2024, he "made his way to the United States" and "presented himself to the authorities." (*Id.*) The next day, "he was paroled by release on recognizance." (*Id.*) He formally filed for asylum on "January 6, 2025." (*Id.*) In November 2025, after getting lost and ending up at a military base, Gul was "detained," "was not told why he was arrested," "was put in [an Immigration and Customs Enforcement] vehicle and transferred to the ICE facility in downtown San Diego," and later was "transferred to the Otay Mesa facility" where he is still detained. (*Id.* at 4.) According to Gul, "Respondents seek to revoke Mr. Gul's parole and force him to remain in custody for the duration of his [asylum] application process." (*Id.*) He claims that the revocation of his parole is an "abuse of

discretion" under the "Administrative Procedures Act" (*id.* at 15); violated his "procedural due process" rights (*id.* at 17); and violated the guarantees of the "Fourth Amendment" against unreasonable search and seizure (*id.* at 18).

This challenge has sufficient potential merit to warrant a response. There is a significant potential impediment to any relief based on his pleaded claims: "No court may set aside any action or decision by the Attorney General under this section regarding . . . the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). Nonetheless, some judges have found that the Due Process Clause permits exactly this kind of challenge to an immigration parole revocation, notwithstanding § 1226(e). *See, e.g.*, *Orozco Acosta v. Bondi*, No. 25-cv-09601-HSG, 2025 WL 3229097, at *2 (N.D. Cal. Nov. 19, 2025). So the claim is not so "frivolous" or "incredible" as to preclude a response.

By **December 30, 2025**, respondent must answer the petition. Any reply by petitioner must be filed by **January 9, 2026**. The Court will hold oral arguments on the petition on **January 15, 2026**, at **11:00 a.m.**

Dated:  December 23, 2025

_____
Hon. Andrew G. Schopler
United States District Judge